# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| United States of America, | |
|---|---|
| -v- | Criminal Case No. 1:09-cr-435 |
| Reginald Arnold Waddell, | Civil Case No. 1:12-cv-689 |
| Petitioner. | |

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Reginald Waddell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 79), filed on June 22, 2012. The government responded to the motion on July 9, 2012 (Dkt. No. 81). Mr. Waddell requested leave to file a reply on July 31, 2012 (Dkt. No. 82). His request for leave included the substance of his reply, and the Court has considered that additional briefing in reaching its decision. For the reasons set forth below, Mr. Waddell's motion is denied.

## I. Background

Mr. Waddell was convicted by a jury on December 15, 2009 for robbing a Dunkin' Donuts in Arlington, Virginia earlier that year. The jury found him guilty on all four counts of the indictment: Hobbs Act conspiracy to commit robbery (Count 1), Hobbs Act robbery (Count 2), using a firearm in a crime of violence (Count 3), and being a felon in possession of a firearm (Count 4).

1

Mr. Waddell was sentenced on February 26, 2010. He received 240 months each for Counts I and II, to be served concurrently. He received 120 months for Count 3, running concurrently to Counts I and II. Finally, he received 360 months for Count 4, running concurrently to Counts 1-3.

After appealing aspects of his trial unrelated to this motion, Mr. Waddell timely filed this petition pursuant to 28 U.S.C. § 2255 to modify or set aside his sentence because his trial counsel, Attorney Chong Park, was allegedly ineffective for two reasons. First, Mr. Waddell claims that Attorney Park failed to negotiate a plea deal based only on the Dunkin' Donuts robbery. Mr. Waddell claims he would have accepted a plea deal that only required him to plead guilty to the Dunkin' Donuts robbery, but the government insisted he also plead guilty to a second robbery with which he denies any involvement. Second, Mr. Waddell claims that he was sentenced under the Armed Career Criminal Act in error, because one of the predicate offenses used to qualify him for the sentencing enhancement was for being an inmate in possession of a prohibited object. Mr. Waddell argues that this should not be considered a violent felony for purposes of the Act, and that Attorney Park's failure to contest this issue was constitutionally ineffective assistance.

## II. Standard for an Ineffective Assistance Claim

The Supreme Court articulated a two-prong test for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong requires a showing that counsel failed to provide reasonably effective assistance; that is, counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687-88, 690. The second prong requires the defendant to demonstrate prejudice by

"show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The burden of proving both prongs is on the defendant who seeks to challenge his or her conviction. *Id.* at 696-97.

## III. The Plea Deal

Criminal defendants have a Sixth Amendment right to counsel and that right extends to the plea-bargaining context. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). Counsel's performance during the plea bargaining phase is evaluated under the same *Strickland* test as any other ineffective assistance claim. *Id.* Mr. Waddell alleges that "trial counsel's failure to negotiate the plea on the basis of what Petitioner was actually involved in, regarding the offenses charged in his indictment . . . was deficient . . . . Petitioner felt compelled to go to trial due in large part that the Government wanted him to plead to other offenses that he had no involvement with in any capacity . . . and was totally innocent of. . . . [C]ounsel did nothing to correct this manifest injustice." Pet. Mot. at 6. In other words, Mr. Waddell believes that his attorney unreasonably failed to procure a plea bargain for him that involved pleading to the Dunkin Donuts robbery, but not pleading to a second robbery he denies committing.

Mr. Waddell has not met his burden of showing that his attorney's conduct fell below an objectively reasonable standard of care during plea negotiations. It is not a foregone conclusion that even if Attorney Park had failed to seek a plea to only the Dunkin Donuts robbery it would have been objectively unreasonable. After all, Mr. Waddell does not assert that he gave explicit instructions to his attorney to seek such a deal. However, there is evidence in the record that Attorney Park did indeed at least float the idea of Mr. Waddell pleading to only the Dunkin Donuts offense. In the email exchange between Attorney Park and AUSA Mike Rich, attached to

3

the government's response as Exhibit A, Mr. Park asks whether the government is offering Mr. Waddell a chance to plead to the Dunkin Donuts robbery only. In response, AUSA Rich clarifies that the deal on the table involves pleading to both the Dunkin Donuts robbery and also the robbery of a TD Bank in Alexandria, Virginia. The Court finds that Mr. Waddell has thus not satisfied the first prong of *Strickland* with respect to his plea bargain complaint.

Additionally, Mr. Waddell has not met his burden of showing he was prejudiced by the alleged deficient representation. There is nothing in the record to suggest that the government would have been amenable to Mr. Waddell pleading only to the Dunkin Donuts robbery, in fact the email chain referenced above suggests just the opposite. AUSA Rich flatly rejected Attorney Park's inquiry about a deal involving only the Dunkin Donuts robbery. Overall, from the email exchanges and affidavits before the Court, it appears that the government made its best plea offer, Attorney Park communicated that offer to Mr. Waddell, and they decided together that it was in his best interest to reject the plea and take his chances at trial in light of the applicable mandatory minimum sentences and guideline ranges. The Court finds that Mr. Waddell has not satisfied the second prong of *Strickland* with respect to his plea bargain complaint.

Because Mr. Waddell has failed to satisfy his burden of showing that Attorney Park's representation did not rise to a reasonably competent standard, and also that he was prejudiced by the ineffectiveness he is alleging, Mr. Waddell's petition is denied with respect to the plea bargain claims. The Court finds that no evidentiary hearing is necessary because the undisputed facts in the record, especially the emails that both sides rely on in making their argument, are sufficient for the Court to reach its conclusion. *See U.S. v. White*, 366 F.3d 291, 297 (4th Cir. 2004).

## IV. Armed Career Criminal Act Sentencing

Mr. Waddell claims that Attorney Park was ineffective for failing to argue against using his Kansas conviction for being an inmate in possession of a prohibited object as a predicate offense for the Armed Career Criminal Act and its attendant sentencing enhancement. What crimes may be used as predicate offenses for the ACCA is an evolving area of the law, and Mr. Waddell's argument that possession of a prohibited object is not a violent offense using the proper categorical approach is an interesting one. If there were cases stating unequivocally that possession of a prohibited object *is* a violent offense for ACCA purposes, the Court assumes the government would have cited them.

Whether the argument is a good one though, and whether Attorney Park was ineffective for not raising it, are moot questions. Mr. Waddell was not prejudiced by the failure, because his (undisputed) criminal record includes three predicate offenses that qualify him as a career offender under 18 U.S.C. § 924(e). Mr. Waddell was convicted for robbery twice in 1974, and once for armed bank robbery in 1981. *See Gov. Resp.* at 10. All parties were aware of the convictions at the time of sentencing. In crafting its sentence, the Court could just as easily have relied on these three offenses and ignored the Kansas conviction.

In addition, the sentence Mr. Waddell received for his ACCA classification was a result of his guilt as to Count IV of the indictment. Mr. Waddell's sentence for Count IV, 360 months, is running concurrently to his sentence for Counts I-III, which is also 360 months.

There was no prejudice to Mr. Waddell by his attorney's failure to oppose use of the Kansas conviction in ACCA consideration. The Court finds that Mr. Waddell has failed to satisfy the second *Strickland* prong. Therefore, his petition is denied with respect to the ACCA sentencing claim. The Court finds that no evidentiary hearing is necessary because Mr. Waddell does not dispute his criminal record, although he had the opportunity to do so in his reply, and

5

there is no factual dispute as to the sentence handed down by this Court. *See U.S. v. White*, 366 F.3d 291, 297 (4th Cir. 2004).

## V. Conclusion

The Court finds that there are no unresolved issues of material fact in the matter before it which would necessitate an evidentiary hearing, that there is no evidence that Attorney Park was ineffective with respect to his client's desire to plead to only one offense, and that there is no evidence of prejudice even if Attorney Park was deficient. The Court finds further that there was no prejudice to Mr. Waddell if Attorney Park failed to challenge the use of his Kansas conviction as a predicate offense for ACCA purposes. For these reasons, Mr. Waddell's petition pursuant to 28 U.S.C. § 2255 is denied.

April 10, 2013
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge