IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:09-CR-435 |
| | ) | |
| REGINALD ARNOLD WADDELL | ) | CIVIL NO. 1:16-CV-771 |
| | ) | |
| Defendant. | ) | |

**Government's Response to Defendant's Motion for Release Pursuant to
18 U.S.C. § 3582(c)(1)(A)**

The United States, having reviewed the motion and associated submissions filed by the defendant, agrees that he has shown an extraordinary and compelling reason for release in light of his existing medical conditions and short life expectancy. Accordingly, for the reasons discussed below, and without addressing the defendant's additional arguments related to COVID-19, the United States does not oppose the defendant's requested relief.

**Factual and Procedural Background**

On or about May 18, 2009, the defendant robbed a Dunkin Donuts located in the 3500 block of Lee Highway in Arlington of $274. (Presentence Investigation Report at 5.) During the robbery, the defendant produced a firearm from his waistband, pointed it at an employee working the cash register, and demanded that she provide him and a co-conspirator with the money from the register. *Id.* After obtaining the money, the defendant and the co-conspirator fled. *Id.*

Following a two-day trial that concluded on December 15, 2009, a jury convicted the defendant of (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (3) using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c); and possessing a firearm after being

1

convicted of a felony offense, in violation of 18 U.S.C. § 922(g). (ECF Nos. 21, 50.) On February 26, 2010, the Court sentenced the defendant to 360 months of imprisonment. (ECF No. 61.)

On June 26, 2016, the defendant moved under 28 U.S.C. § 2255 to vacate his conviction for violating 18 U.S.C. § 924(c) and to vacate his Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 97.) On June 29, 2016, the Court, noting that the issue of whether Hobbs Act robbery is a "crime of violence" for purposes of 18 U.S.C. § 924(c) was pending before the Fourth Circuit, stayed this matter pending the Fourth Circuit's ruling. (ECF No. 99.) On April 7, 2020, the Court Ordered that stay lifted following the Fourth Circuit's decision on the matter. (ECF No. 104.) The United States subsequently opposed the petition, and the parties exchanged responses. (ECF Nos. 107, 108, 111.) On May 26, 2020, the Court again ordered the case held in abeyance pending the outcome of *United States v. Taylor*, No. 197616 (4th Cir. Feb. 12, 2020), another potentially dispositive case. (ECF No. 112.)

On July 22, 2020, the defendant filed a Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) along with supporting medical records, prison records, and affidavits – including an affidavit sworn by Dr. Mark J. Davis, M.D. (ECF No. 114.) On July 23, 2020, the Court ordered the United States to respond. (ECF No. 118.)

## Discussion

18 U.S.C. § 3582(c)(1)(A) provides that a sentencing court "may reduce [a defendant's] term of imprisonment (and may impose a term of probation of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" after considering applicable sentencing factors delineated in § 3553(a) if that court finds that

2

"extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden to demonstrate that he is entitled to compassionate release under § 3582(c)(1)(A)(i). *See White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019); *see also generally Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56–57 (2005) ("Absent some reason to believe that Congress intended otherwise … the burden of persuasion lies … upon the party seeking relief.").

### I. Reasons Warranting a Reduction in Sentence

The United States recognizes that the defendant's medical conditions and poor prognosis, taken together, constitute an extraordinary and compelling reason warranting the reduction in the term of his incarceration the defendant seeks in his motion. The Application Notes to U.S.S.G. § 1B1.13 provide end-stage organ disease as an example of an illness that creates such a circumstance. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Here, the defendant suffers from end-stage liver disease, along with liver cancer, and his life-expectancy is less than 5 months from the time of this filing. (ECF No. 114, Exs. 6, 7.) The United States will therefore not address the additional arguments related to the COVID-19 pandemic raised in the defendant's motion and associated filings.

### II. The Statutory Sentencing Factors

Compassionate release is only appropriate where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). That statute instructs the court to consider several factors, including whether the underlying offenses constitute crimes of violence, whether the offenses involved firearms, and the defendant's criminal record. At the same time, § 3582(c)(1)(A) expressly directs the Court to

consider the statutory sentencing factors under 18 U.S.C. § 3553(a) in adjudicating a compassionate-release motion.

On one hand, the defendant's offenses of conviction were undoubtedly serious in nature. The defendant used a firearm to accomplish a crime of violence. Moreover, the defendant's criminal history is lengthy and features multiple robberies. At the time he committed the instant offense in 2009, the defendant had previously been convicted of: (1) a December 11, 1973 robbery in the Montgomery County, Maryland Circuit Court; (2) a January 7, 1974 robbery in the Prince George's County, Maryland Circuit Court; (3) a March 6, 1981 armed bank robbery in the United States District Court for the Eastern District of Virginia; (4) a March 12, 1981 armed bank robbery in the United States District Court for the Eastern District of Virginia; and (5) the January 28, 1999 possession of a prohibited object by an inmate in the United States District Court for the District of Kansas[1]. (Presentence Investigation Report at 10-17.)

On the other hand, the United States recognizes that the defendant committed the aforementioned prior robberies between 39 and 46 years ago. The defendant served prison sentences for those offenses, and he has completed several Bureau of Prisons Release Preparation Program courses while serving 11 years of the term of incarceration to which he was sentenced in this case. (ECF No. 114, Ex. 1.) While those 11 years only constitute just over one-third of the defendant's total sentence, his grim prognosis suggests that he may not serve substantially more time in prison irrespective of how the Court resolves his motion.

The United States believes that were the defendant to be released and placed on supervised release, he would be adequately deterred from reoffending by the knowledge that engaging in

---

[1] This is not an exhaustive list of the defendant's prior convictions. This list contains convictions for offenses that, at the time, were deemed "violent felonies" for purposes of 18 U.S.C. § 924(e). *See* PSR at 20-21.

4

further criminal acts would almost certainly guarantee his passing away in federal custody. Looking to the types of sentences available, the United States submits that home confinement and electronic monitoring allowing the defendant to leave the apartment that has been arranged for him in order to meet with a probation officer, complete drug and alcohol screenings, and obtain medical treatment would sufficiently accomplish the aims of sentencing at this stage in the defendant's life.

## Conclusion

The United States does not oppose the defendant's request for compassionate release. Should this Court grant the defendant the relief he seeks, any release order should require defendant to undergo a 14-day quarantine controlled by BOP.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:       /s/

John C. Blanchard
Virginia Bar No. 89019
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:  (703) 299-3999
Fax:    (703) 299-3980
Email:  john.blanchard@usdoj.gov

**Certificate of Service**

I certify that on August 2, 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generate a Notice of Electronic Filing to the counsel of record for the defendant.

By: _____/s/_____

John C. Blanchard
Virginia Bar No. 89019
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3999
Fax: (703) 299-3980
Email: john.blanchard@usdoj.gov